## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **CHRISTY OCHOA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Case No.:** |
| v. ) | |
| ) | |
| **WALMART, INC.,** ) | Removal from the District Court of |
| ) | Sedgwick County, Kansas |
| **Defendants.** ) | Case No. 2020-CV-001349 |
| ) | |

### NOTICE OF REMOVAL

TO:  THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Walmart, Inc. (hereinafter referred to as "Defendant" or "Walmart") hereby removes to the United States District Court for the District of Kansas the action styled *Christy Ochoa v. Walmart, Inc.*, Case No. 2020-CV-001349-TP, from the District Court of Sedgwick County, Kansas.  Defendant states the following in support of removal:

### STATE COURT ACTION

1. On August 24, 2020, Plaintiff Christy Ochoa ("Plaintiff") commenced this matter by filing her Petition in the case styled *Christy Ochoa v. Walmart, Inc.*, Case No. 2020-CV-001349-TP, from the District Court of Sedgwick County, Kansas (the "State Court Action").

2. Plaintiff's Petition in the State Court Action asserts a claim of negligence.

3. Removal is timely if it is filed within thirty (30) days after a defendant receives a copy of an initial pleading "through service or otherwise". 28 U.S.C. §§ 1441 and 1446.

4. Defendant was served with process on August 27, 2020.

1

5. This is a civil action over which this Court has original diversity of citizenship jurisdiction under 28 U.S.C. § 1332. As such, Defendant may remove this action under 28 U.S.C. §§ 1441 and 1446.

## PAPERS FROM REMOVED ACTION

6. A true and correct copy of the court file from the State Court Action is attached hereto as Exhibit A.

## REMOVAL IS TIMELY

7. A Notice of Removal is required to be filed within thirty (30) days that the defendant receives a copy of an initial pleading "through service or otherwise". 28 U.S.C. § 1446(b).

8. Defendant was served with process on August 27, 2020.

9. This Notice of Removal is being filed on or before September 26, 2020.

## VENUE REQUIREMENT IS MET

10. Venue is proper, in that this Court is the United States District Court for the district and division corresponding to the place where the State Court Action was pending. 28 U.S.C. § 1441(a).

## DIVERSITY JURISDICTION EXISTS

11. Plaintiff is a citizen and resident of Sedgwick County, Kansas. *See* Exhibit A, Petition ¶ 1.

12. Defendant, for the purpose of establishing that complete diversity of citizenship exists for this controversy, provides the following information:

    a) Walmart, Inc. is a corporation organized and existing under the laws of the State of Delaware and maintains its principal office and place of business in the State of

Arkansas, not having its chief and principal place of business in the State of Kansas and is neither a citizen nor a resident of the State of Kansas.

13. Accordingly, there exists complete diversity of citizenship in this matter. *See* 28 U.S.C. § 1332(c).

## AMOUNT IN CONTROVERSY EXCEEDS $75,000

14. A district court has original diversity jurisdiction when "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs . . . ." 28 U.S.C. § 1332(a). A defendant seeking to remove a matter must prove jurisdictional facts and can do so in several ways, including "by reference to the plaintiff's informal estimates or settlement demands." *McPhail v. Deere & Co.*, 529 F.3d 947, 954 (10th Cir. 2008) (citing *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536 (7th Cir. 2006).

15. Plaintiff's Petition prays for a judgment in excess of $75,000. *See* Exhibit A, Wherefore clause subsequent to ¶ 12.

16. Based on Plaintiff's explicit prayer for judgment in excess of $75,000, a fact finder could legally conclude that the amount in controversy in this matter is in excess of $75,000.

## REMOVAL IS PROPER

17. Removal is proper, in that (i) this action is a civil action pending within the jurisdiction of the District Court of Sedgwick County, Kansas; (ii) this action could have been brought in this jurisdiction; and (iii) the parties are completely diverse. 28 U.S.C. §§ 1441 and 1446.

18. The U.S. District Court for the District of Kansas is the appropriate court for removing this action. *See* 28 U.S.C. §§ 1441(a) and 1446(a).

## FILING OF REMOVAL PAPERS

19. Promptly upon filing this Notice of Removal, Defendant will give notice in writing to all parties and will file a copy of this Notice of Removal with the Clerk of the District Court of Sedgwick County, Kansas, as required by 28 U.S.C. § 1446(d).

## DESIGNATION OF PLACE OF TRIAL

20. Defendant hereby designates Wichita, Kansas as the place for trial.

## CONCLUSION

WHEREFORE, Defendant Walmart, Inc. hereby removes the above-captioned action from the District Court of Sedgwick County, State of Kansas, and request that further proceedings be conducted in this Court as provided by law.

DATED: September 17, 2020.

Respectfully submitted:

/s/ Kathryn A Wright
Mitchell E. Wood     (KS. #24052)
Kathryn A. Wright    (KS. #27478)
HALBROOK WOOD, PC
3500 West 75th Street, Suite 300
Prairie Village, Kansas 66208
TEL: (913) 529-1188
FAX: (913) 529-1199
E-MAIL: mwood@halbrookwoodlaw.com
E-MAIL: kwright@halbrookwoodlaw.com
ATTORNEYS FOR DEFENDANT

4

**CERTIFICATE OF SERVICE**

        The undersigned hereby certifies that on this 17th day of September 2020, the foregoing was electronically mailed to:

Christopher J. Omlid, #26632
Richard W. James, #19822
DeVaughn James Injury Lawyers
3241 N. Toben
Wichita, KS 67226
Phone: 316-977-9999
Email: comlid@devaughnjames.com
Email: rjames@devaughnjames.com
ATTORNEYS FOR PLAINTIFF

                                    /s/ Kathryn A. Wright
                                    ATTORNEY FOR DEFENDANT