## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| CHRISTY OCHOA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 20-1249-TC-KGG |
| | ) | |
| WALMART, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## MEMORANDUM & ORDER GRANTING IN PART
## DEFENDANT'S MOTION TO STRIKE EXPERTS

Now before the Court is Defendant's "Motion to Strike Plaintiff's Non-Retained Expert Disclosures." (Doc. 24.) After review of the parties' submissions, for the reasons set forth below, the undersigned Magistrate Judge **GRANTS in part** Defendant's motion.

## FACTUAL BACKGROUND

The present lawsuit, which was removed from the 18th Judicial District of Sedgwick County, Kansas, results from Plaintiff's fall at one of Defendant's stores, allegedly because of a "defective or defective placed floormat that was not lying flat on the ground." (Doc. 1-1, at 2-3.) Plaintiff alleges that Defendant

"negligently failed to remedy the hazardous condition" which resulted in Plaintiff sustaining personal injuries. (*Id*., at 3.)

Defendant brings the present motion to strike Plaintiff's designations for 69 listed non-retained health care providers. (Doc. 24, at 1.) Defendant argues that the designations "fail to provide any substantive information about the facts or opinions about which the witnesses expect to testify" and thus "fail to satisfy Rule 26(a)(2)(C) … ." (*Id*.) Defendant argues that these witnesses "should be prohibited from testifying as experts." (*Id*.)

## ANALYSIS

### A.    Standards for Disclosure of Expert Testimony.

The disclosure of expert testimony is governed by Fed.R.Civ.P. 26(a)(2). Non-retained experts are controlled by subsection (C) of the Rule, which provides that

> if the witness is not required to provide a written report, this disclosure must state:
>
> > (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
> >
> > (ii) a summary of the facts and opinions to which the witness is expected to testify.

Fed.R.Civ.P. 26(a)(2)(C).

> The purpose of Rule 26(a)(2) is to require disclosure of expert testimony 'sufficiently in advance of trial so that

> opposing parties have a reasonable opportunity to prepare
> for effective cross examination and perhaps arrange for
> expert testimony from other witnesses.'  When the expert
> disclosure rules are violated, Fed.R.Civ.P. 37(c)
> mandates that the information or witness not fully
> disclosed be barred from supplying evidence on a
> motion, at a hearing, or at a trial, unless the failure was
> substantially justified or harmless.

*Chambers v. Fike*, No. 13-1410-RDR, 2014 WL 3565481, at *3 (D. Kan. July 18, 2014).

A treating health care provider's testimony may include opinions regarding "'prognosis, the extent of present and future disability, and the need for future medical treatment,'" so long as the opinions are based on the physician's personal knowledge gained from the care and treatment of the plaintiff.  *Adrean v. Lopez*, 2011 WL 6141121 (N.D. Okla. Dec. 9, 2011) (quoting *Goeken v. Wal-Mart Stores, Inc.*, 2001 WL 1159751, at *3 (D. Kan. Aug. 16, 2001)).  The testimony also may include opinions as to causation, but only "to the limited extent that opinions about the cause of an injury are a necessary part of a patient's treatment." *Starling v. Union Pac. R. Co.*, 203 F.R.D. 468, 479 (D. Kan. 2001); *see also Richard v. Hinshaw*, 2013 WL 6709674, at *2 (D. Kan. Dec. 18, 2013) (holding that "matters within the scope of the [treating physician's] treatment may include opinions about causation, diagnosis, and prognosis"); *Trejo v. Franklin*, 2007 WL 2221433, at *1 (D. Colo. July 30, 2007) (holding that "treating physician opinions

regarding causation and prognosis based on examination and treatment of the

patient" are proper pursuant to Rule 26(a)(2)(C)).

**B.    Sufficiency of the Non-Retained Expert Witness Designations.**

Violations of Fed.R.Civ.P. 26(a)(2) are addressed pursuant to Fed.R.Civ.P.

37(c).  Subsection (c)(1) of that rule provides:

> If a party fails to provide information or identify a
> witness as required by Rule 26(a) or (e), the party is not
> allowed to use that information or witness to supply
> evidence on a motion, at hearing, or at a trial, unless the
> failure was substantially justified or is harmless.  In
> addition to or instead of this sanction, the court, on
> motion and after giving an opportunity to be heard:
>
>> (A) may order payment of the reasonable
>> expenses, including attorney's fees, caused by the
>> failure;
>>
>> (B) may inform the jury of the party's failure; and
>>
>> (C) may impose other appropriate sanctions,
>> including any of the orders listed in Rule
>> 37(b)(2)(A)(i)-(iv).

Fed. R. Civ. P. 37(c)(1).  As such, "the determinative issue before the Court is

whether [the] expert disclosures comply with Rule 26(a)(2)." ***Chambers v. Fike***,

No. 13-1410-RDR, 2014 WL 3565481, at *3 (D. Kan. July 18, 2014).

In making this determination, the Court looks at the substance of the

disclosures submitted.

> At a minimum, the disclosure should obviate the danger
> of unfair surprise regarding the factual and opinion

4

testimony of the non-retained expert.  It is not enough to state that the witness will testify consistent with information contained in the medical records or consistent with the testimony given during his or her deposition.  Instead, **Rule 26(a)(2)(C) disclosures must contain more than a passing reference to the general type of care a treating physician provided.  They must summarize actual and specific opinions.**  The disclosing party should provide 'a brief account that states the main points' of the entirety of the anticipated testimony.  **This does not mean that the disclosures must outline each and every fact to which the non-retained expert will testify or outline the anticipated opinions in great detail.**  Imposing these types of requirements would make the Rule 26(a)(2)(C) disclosures more onerous than Rule 26(a)(2)(B)'s requirement of a formal expert report.  That was certainly not the intent behind the 2010 amendments to the Rule.  Instead, **the court 'must take care against requiring undue detail, keeping in mind that these witnesses have not been specially retained and may not be as responsive to counsel as those who have.'**

*Id.*, at 7 (citations omitted) (emphasis added).

Should the Court find a violation of Rule 26(a) has occurred, the Court then has broad discretion to determine if the violation is justified or harmless.

***Woodworker's Supply, Inc. v. Principal Mt. Life Ins. Co.***, 170 F.3d 985, 993 (10th Cir. 1999).  In making this determination, the Court guided by these four factors:  (1) the prejudice or surprise to the impacted party; (2) the ability to cure the prejudice; (3) the potential for trial disruption; and (4) the erring party's bad faith or willfulness.  *Id.*

The undersigned Magistrate Judge previously addressed the sufficiency of non-retained expert opinions in *Shepeard v. Labette Co. Med. Cntr.*, No. 11-1217-MLB-KGG, 2013 WL 881847 (D. Kan. March 7, 2013).  Certain of the designations in that case were found to be factually insufficient because "not a single fact [was] referenced" in the disclosures "beyond a passing, introductory reference to the general type of care the individuals provided."  (*Id.*, at *1.)  The opinions were also not adequately summarized, as the undersigned held that the disclosing party did "little more in regard to the opinions on which these individuals will testify, generally referring to 'medical opinions on all aspects of the case' (witnesses A, B), 'expert opinions on paramedic care' (witnesses C, D, E, F), and 'opinion testimony related' to care given as an air ambulance nurse (witnesses H, I)."  (*Id.*)  The undersigned held that this was "patently insufficient as no actual, specific opinions have been summarized or even referenced."  (*Id.*; *see also* *Crouch v. State Farm Mut. Auto. Ins. Co.*, No. 18-2682, 2019 WL 5310247 (D. Kan. Oct. 21, 2019).)

Other expert designations in *Shepeard* were, however, sufficient where the individuals "performed specific, identifiable tasks relating to the decedent and/or the accident at issue – the autopsy (witness G) and . . . responding to the accident (witnesses L, M)."  (*Id.*)  Also persuasive to the Court was the fact that these individuals generated "reports/documents . . . which would provide [the recipient

of the disclosures] with adequate information as to the involvement and relevant opinions of these witnesses."[1]  (*Id*.)

Within this legal framework, the Court will review the designations of Plaintiff's treating health care provider witnesses in the present matter.  (Doc. 24-2.)  Defendant generally argues that the disclosures provide insufficient facts and opinions about which the witnesses will testify.  (Doc. 24, at 2-4.)  In analyzing the sufficiency of the designations, the Court will determine whether they "contain more than a passing reference to the general type of" involvement with Plaintiff's care on one hand while also taking "care against requiring undue detail" in the submissions on the other.  ***Chambers***, 2014 WL 3565481, at *7.

## C.    Non-retained health care providers.

### 1.    Wesley Medical Center (Experts 1-34).

Plaintiff indicates the same following language as to the expected testimony of these 34 designated individuals:

> The following treating health care providers have not been retained or specially employed to provide expert testimony.  These health care providers will testify that Plaintiff injured her knees, arms, hips, back, head, legs, ankles, and neck in the subject incident which occurred on March 8, 2019.  They will also testify that as a result of such injuries, Plaintiff required emergency medical care, diagnostic treatment, medication, and follow-up.

---

[1]  The Court notes that the motion presented in ***Shepeard*** was a motion to compel supplemental information from non-retained expert witnesses rather than a motion to strike or exclude their testimony as was filed in the present case.

> They will testify regarding: the content of their
> medical records and those opinions incidental to their
> treatment and care of Plaintiff; the medical treatment
> Plaintiff received as a result of this incident; that the
> incident caused these injuries; the effects on Plaintiff of
> the injuries received in the incident; and the
> reasonableness and necessity of Plaintiff's past treatment
> and the medical expenses.

(Doc. 24-2, at 1-2.)

Defendant argues that it is "unable to ascertain whether all 34 providers listed will be testifying to the listed information contained in the disclosure." (Doc. 24, at 4.)  Defendant continues that "[n]ot a single fact was referenced specific to any of the 34 listed providers beyond the general care the individuals provided, nor were opinions provided for the specific providers," thus "the disclosure is vague and contains only minimal reference to the general treatment that all 34 providers allegedly provided Plaintiff."  (*Id.*)

The Court agrees.  Plaintiff's designations apply the exact same generic two paragraphs of language to 34 different expert witnesses.  In fact, this language is virtually identical for all 69 of the witnesses at issue.

The language itself provides no guidance as to the actual testimony expected from each of these individuals.  The designations of these non-retained, treating health care providers contain no "more than a passing reference to the general type of" their involvement with Plaintiff's care.  ***Chambers***, 2014 WL 3565481, at *7. The disclosures clearly do not obviate the danger of unfair surprise regarding the

opinion testimony of these non-retained experts because Plaintiff has not indicated what opinions she intends to illicit from each witness regarding Plaintiff, her injuries, and/or the relationship between the accident at issue and Plaintiff's injuries.  The Court thus finds that Plaintiff's designations of the Wesley Hospital non-retained, treating health care providers (experts 1-34) are in violation of Fed.R.Civ.P. 26(a).

As discussed above, upon making this finding, the Court has broad discretion to determine if the violation is justified or harmless.  ***Woodworker's Supply***, 170 F.3d at 993.  In making this determination, the Court guided by these four factors:  (1) the prejudice or surprise to the impacted party; (2) the ability to cure the prejudice; (3) the potential for trial disruption; and (4) the erring party's bad faith or willfulness.  *Id*.

Defendant contends that "Plaintiff's failure to provide complete information has impacted Defendant's ability to adequately prepare and identify its own expert designations."  (Doc. 24, at 6.)  Defendant continues that its ability to "make an informed decision" regarding which of these 34 witnesses should be deposed.  (*Id*.)

While acknowledging the validity of Defendant's frustrations, the Court finds that requiring Plaintiff to supplement the expert designations, rather than striking them, is the proper remedy.  Defendant concedes there is no evidence of

bad faith on the part of Plaintiff.  (*Id*.)  Appropriately supplemented disclosures should cure the identified deficiencies and alleviate Defendant's other concerns.

As such, the Court **GRANTS in part** Defendant's motion.  Plaintiff shall have **30 days from the date of this Order** to provide adequate supplementation of the expert designations addressing the deficiencies identified herein.

### 2.    Experts 35-69.

As stated above, Plaintiff's designations apply the virtually identical generic two paragraphs of language as to experts 35- 69 as they provided for experts 1-34. (*See generally* Doc. 24-2.)  Although Plaintiff identifies the general treatments each facility provided, there is, as stated by Defendant, "still only … minimal reference to the general type or treatment or care each provided … ."  (Doc. 24, at 5.)

For instance, Plaintiff fails to include any specific information from any of the providers.  The designations fail to reference "a single fact" other than "a passing, introductory reference to the general type of care the individuals provided."  ***Shepeard***, 2013 WL 881847, at *1.  They fail to identify any "specific, identifiable tasks relating to the [plaintiff] and/or the accident at issue."  *Id*.  In the words of Defendant, "the disclosures fail to elaborate on the general course of Plaintiff's medical care and treatment, fail to provide a brief account of the treatment provided and necessity of treatment, and fail to provide a brief summary

of the nature and extent of Plaintiff's injuries that the provider will testify about." (Doc. 24, at 5 (citing **Chambers**, 2014 WL 3565481, at *7).)  As in the **Shepeard** case, Plaintiff's designations are "patently insufficient as no actual, specific opinions have been summarized or even referenced."  (*Id.*; *see also* **Crouch v. State Farm Mut. Auto. Ins. Co.**, No. 18-2682, 2019 WL 5310247 (D. Kan. Oct. 21, 2019).)

The Court again, however, finds supplementation of the expert designations to be the proper remedy.  Appropriately supplemented disclosures should cure the identified deficiencies and alleviate Defendant's concerns.  As such, the Court **GRANTS in part** Defendant's motion.  Plaintiff shall have **30 days from the date of this Order** to provide adequate supplementation of the expert designations addressing the deficiencies identified herein.[2]

**IT IS THEREFORE ORDERED** that Defendant's Motion to Strike (Doc. 24) be **GRANTED in part** as more fully set forth above.

**IT IS SO ORDERED.**

Dated this 11th day of March, 2021, at Wichita, Kansas.

 s/ KENNETH G. GALE
HON. KENNETH G. GALE
U.S. MAGISTRATE JUDGE

---

[2]  The parties are instructed to contact the Magistrate Judge should this Order adversely impact the remaining schedule in this case.